Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-08-00850-CV

**IN RE** Guadalupe M. **GUAJARDO**, Jr.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Alma L. López, Chief Justice
                Karen Angelini, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   December 10, 2008

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

Guadalupe M. Guajardo, Jr. seeks mandamus relief against the county clerk of Jim Wells County, Texas. Because courts of appeals have not been conferred mandamus jurisdiction over county clerks, Guajardo's petition for writ of mandamus is dismissed for want of jurisdiction.[2] *See*

---

[1] This proceeding arises out of Cause No. 7153, styled *In re Estate of Zanaida M. Guajardo*, pending in the County Court, Jim Wells, County, Texas, the Honorable L. Arnoldo Saenz, presiding.

[2] We note that a trial judge does have a duty to consider and rule on motions within a reasonable time; however, the relator must show that the matter was brought to the attention of the trial court, and the court failed or refused to rule. *In re Segura*, No. 04-05-00384-CV, 2005 WL 1458656, at *1 (Tex. App.—San Antonio June 22, 2005, orig. proceeding) (mem. op.). Merely filing the matter with the district or county clerk does not impute knowledge of the pleading to the trial court. *Id*. Moreover, the following circumstances are considered in determining whether a trial court has had a reasonable time to rule: the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id*. Finally, the relator bears the burden of providing this court with a sufficient record to establish a right to mandamus relief. *In re Torres*, No. 04-07-00542-CV, 2007 WL 2778782, at *1 (Tex. App.—San Antonio Sept. 26, 2007, orig. proceeding) (mem. op.).

TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004); *In re Simpson*, 997 S.W.2d 939 (Tex. App.—Waco 1999, original proceeding); *see also In re Guevara*, No. 04-99-00728-CV, 1999 WL 1020263, at *1 (Tex. App.—San Antonio Nov. 10, 1999, orig. proceeding) (not designated for publication).

PER CURIAM